UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELLE BURRELL,** | ) | CASE NO. 1:24CV855 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| **PISON STREAM SOLUTIONS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #21) of Plaintiff Michelle Burrell for Partial Summary Judgment against Defendant Pison Stream Solutions, Inc. ("Pison") and Defendant Joseph A. James ("James").  For the following reasons and in light of the Court's Opinion and Order of January 29, 2026 (ECF DKT #35), Plaintiff's Motion is granted in part on liability only.

## I. BACKGROUND

Plaintiff began her employment with Pison on November 2, 2020, as Vice President of Client Strategies.  Her annual salary was $180,000.  In June of 2022, Pison began experiencing financial difficulties due to lack of investors and funding.  Plaintiff alleges that she received no compensation from June 12, 2022 until her resignation on August 11, 2023, despite her many inquiries and Pison's assurances that she would receive her back wages.  The instant lawsuit was filed on May 13, 2024.  Plaintiff asserts eight causes of action against both Defendants:  Count I - Failure to Pay Minimum Wage in Violation of the FLSA (Fair Labor Standards Act); Count II - Violation of the Ohio Minimum Fair Wage Standards Act (OMFWSA),  R.C. § 4111.03 *et seq*.

and Ohio Constitution, Art. 2, § 34a for Failure to Pay Minimum Wage; Count III - Violation of R.C. § 4113.15 for Failure to Pay Wages at Least Semimonthly (Prompt Pay Act); Count IV - Unjust Enrichment; Count V - Civil Theft; Count VI - Promissory Estoppel; Count VII - Quantum Meruit; and Count VIII - Action to Pierce the Corporate Veil.

On July 7, 2025, Defendants filed their combined Motion of Defendant Pison for Partial Summary Judgment and of Defendant James for Summary Judgment (ECF DKT #20). On the same date, Plaintiff filed the instant Motion for Partial Summary Judgment (ECF DKT #21).

On January 29, 2026, the Court issued its Opinion and Order (ECF DKT #35) on Defendants' dispositive motion. The Court entered judgment in Pison's favor on Counts IV - Unjust Enrichment; V - Civil Theft; VI - Promissory Estoppel; and VII - Quantum Meruit, as those claims are barred by the six-month contractual statute of limitations in the Business Protection Agreement. Pison did not move for judgment on the federal and state statutory wage claims; so, those claims remain pending against the company.

Further, in the Opinion and Order, the Court determined that Defendant James is an "employer" for purposes of the FLSA and the Ohio statutes. Plaintiff conceded that "piercing the corporate veil" (Count VIII) is not a standalone cause of action available against either Defendant. The Court also ruled that Defendant James is not entitled to summary judgment in his favor on Counts IV, V, VI and VII of Plaintiff's Complaint; and that the Unjust Enrichment, Civil Theft, Promissory Estoppel and Quantum Meruit Claims against James are not time-barred.

In her Motion for Partial Summary Judgment, Plaintiff seeks judgment in her favor on liability as to her claims under the FLSA, the OMFWSA, Article II, § 34a of the Ohio Constitution, Ohio's Prompt Pay Act, Unjust Enrichment, Quantum Meruit and Promissory

Estoppel. Plaintiff reserves the determination of wage loss damages, liquidated damages, statutory penalties, attorneys' fees and costs for subsequent proceedings. Defendants' Opposition mirrors the same arguments posited in their affirmative Motion for Summary Judgment. Therefore, the Court's determinations in the January 29, 2026 Opinion and Order are equally applicable here.

Tellingly, Defendants admit that Plaintiff served as Vice President of Client Strategies for Pison from November 2, 2020 until her resignation on August 11, 2023; that she worked at an agreed salary of $180,000 per year; that despite her repeated entreaties, Defendants failed to pay Plaintiff for the period of June 12, 2022 through August 11, 2023, in the amount of $210,884,37; and that the non-payment was the result of cash-flow difficulties and not performance issues. (See ECF DKT #21-4, Payroll Due Detail provided by Defendants in discovery; James Deposition, ECF DKT #27 at p. 24).

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**FLSA**

The FLSA requires employers to pay their employees minimum wage for all hours worked. Plaintiff contends that, although Defendants promised to pay her an annual salary of $180,000, they paid her zero wages for nearly fourteen months. Plaintiff further argues that

Defendants' complete withholding of her wages converted her from an exempt employee to a nonexempt employee under the FLSA.

Pursuant to 29 U.S.C. § 213(a)(1), minimum wage and maximum hour requirements shall not apply with respect to– any employee employed in a *bona fide* executive, administrative, or professional capacity. An employer may raise a plaintiff's status as an exempt employee as an affirmative defense to claims brought under the FLSA. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846-847 (6th Cir. 2012); *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007).

Defendants could argue that Plaintiff was exempt as a *bona fide* executive with Pison. In their Opposition Brief, Defendants describe Plaintiff's job duties as taken from her deposition testimony: "As Vice President Client Strategies Burrell's duties included external sales of Pison's antimicrobial products and once the company changed its strategy, her primary responsibility was to assist the company with the sale of various patents. Burrell's day-to-day duties also included research, meetings with external partners, and helping to internally coordinate and prepare Pison products for market." (ECF DKT #28, Burrell Deposition at 21:4 to 21:11). In Defendants' Answer (ECF DKT #13), paragraph 5 of their Affirmative Defenses states: "Defendants invoke all defenses, protections, and limitations of the FLSA."

However, Defendants make no specific assertion that Plaintiff was an exempt employee under the FLSA; do not pose the affirmative defense of exemption; nor is the term, "exempt employee" mentioned in either Defendants' Motion for Summary Judgment or in their Opposition Brief to Plaintiff's Motion for Partial Summary Judgment.

Exemptions, " 'are to be narrowly construed against the employers seeking to assert

them.' " *Thomas*, 506 F.3d at 501 (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)). The employer bears the burden of establishing the affirmative defense by a preponderance of the evidence and satisfies this burden only by providing "clear and affirmative evidence that the employee meets every requirement of an exemption." *Id*. "To show that workers are exempt from FLSA protections, "the employer bears not only the burden of proof, but also the burden on each element of the claimed exemption." *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 578 (6th Cir. 2004) (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997)).

Since the employer bears not only the burden of proof, but also the burden on each element of the claimed exemption, *Douglas,* 113 F.3d at 70, the traditional burden of proof shifts. At a minimum, Defendants must come forward with evidence creating a genuine issue of material fact as to whether Plaintiff meets each and every element of the professional, executive or administrative exemption. The only argument Defendants present as to FLSA liability is that James is not an "employer." The Court has ruled otherwise as a matter of law.

Defendants provide no clear and affirmative evidence of an exemption applying to Plaintiff and offer no countervailing argument to her suggestion that nonpayment of her salary for an extended time converted her to a nonexempt employee. Because Defendants utterly fail to make the necessary showing on an element upon which they have the burden of proof, Plaintiff is entitled to summary judgment on liability under the FLSA. *Celotex*, 477 U.S. at 323.

**OMFWSA**

The Court is only obligated to analyze the FLSA claims because the OMFWSA incorporates the FLSA's exemptions. R.C. § 4111.03. *Hurt v. Commerce Energy, Inc.*, 973 F.3d

509, 517 (6th Cir. 2020). The OMFWSA excludes from the definition of employees who are protected by the Act individuals employed in *bona fide* executive, administrative, or professional capacity as defined by Fair Labor Standards Act. *Birch v. Cuyahoga Cty. Probate Court*, 173 Ohio App.3d 696 (2007).

Thus, utilizing the same FLSA analysis, Defendants cannot rely on the exemption defense. Plaintiff is entitled to recover against Defendants under the Ohio statute.

**Ohio Constitution**

The Ohio Constitution requires "every employer" to pay its employees a minimum wage. Ohio Const. art. II, § 34a. That provision adopts the FLSA's definitions of "employer" and "employee." Defendants have offered no arguments against Plaintiff's recovery under Article II, § 34a of the Ohio Constitution.

**Prompt Pay Act**

The Ohio Prompt Pay Act holds an employer liable if the employer fails to pay an employee his or her wages for thirty days or more beyond the regularly scheduled payday. R.C. § 4113.15. Ohio employers are required to pay their employees at least twice per month or semi-monthly. *Id.* A claim brought under Ohio's Prompt Pay Act "rises and falls" with the FLSA and OMFWSA. *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385, n.1 (6th Cir. 2016). In Ohio, an employee can recover their wages under the Ohio Prompt Pay Act that were paid late for any reason. "That includes wages not paid as a result of a violation of any other law, including the FLSA or Ohio's wage laws." *Waters v. Pizza to You, LLC*, No. 3:19-cv-372, 2021 WL 229040, at *6 (S.D. Ohio, Jan. 22, 2021).

Plaintiff's wages are uncontested and remain unpaid since the July 1, 2022 pay period.

Defendants are liable to Plaintiff in an amount equal to six percent of the amount remaining unpaid and undisputed, or two hundred dollars, whichever is greater. § 4113.15(B).

**Unjust Enrichment; Promissory Estoppel; Quantum Meruit**

Plaintiff alternatively argues that she is entitled to judgment against Defendants on her equitable claims, Counts IV, VI and VII. As previously stated, the Court has found that Counts IV, V, VI and VII asserted against Pison are time-barred by the six-month contractual statute of limitations. The time bar does not apply to James, who was not a signatory to the Business Protection Agreement. (Opinion and Order, ECF DKT #35).

The elements of unjust enrichment are: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984). Defendants knew that Plaintiff worked for their benefit from June 12, 2022 through August 11, 2023, without any compensation.

Quantum Meruit damages are "generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered." *See Fox & Associates Co., L.P.A. v. Purdon* (1989), 44 Ohio St.3d 69, 541 N.E.2d 448; *also see Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 544 N.E.2d 920.

For promissory estoppel, a plaintiff must show: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance" and which "is binding if injustice can be avoided only by enforcement of the promise." *Talley v. Teamsters, Chauffeurs, Warehousemen, and Helpers, Local No. 377*, 48 Ohio St.2d 142, 146 (1976); <u>Restatement of Contracts 2d (1973)</u>,

Section 90. According to James's Deposition (ECF DKT #27, pp. 61-62), promises were made:

> And at that time [July 2023] I told Michelle that I wanted her to stick around as long as she wanted to stick around the company, and things of that nature, that I had no intentions whatsoever of getting rid of her.
>
> With that said, we have been working with potential investors since that time frame. And based upon the information that they were giving us at that time, the expectation was that we would have had those investor funds in order for us to meet those payroll dates.

Although Defendants have not provided any evidence nor arguments to the contrary on these equitable claims, and while it is proper to plead claims in the alternative, the Court cautions that Plaintiff is not entitled to double recovery. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) ("[It] goes without saying that courts can and should preclude double recovery."); *Son v. Coal Equity, Inc.*, 122 F. App'x 797, 802 (6th Cir. 2004).

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #21) of Plaintiff Michelle Burrell for Partial Summary Judgment against Defendant Pison Stream Solutions, Inc. ("Pison") and Defendant Joseph A. James ("James") is granted in part on liability only.

The parties are ordered to submit a joint written notice within 10 days of this Order, proposing agreed dates for a damages/mediation hearing with the assigned Magistrate Judge James E. Grimes, Jr.

**IT IS SO ORDERED.**
**DATE: February 11, 2026**

                                        s/Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **UNITED STATES DISTRICT JUDGE**